UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JUN 0 8 2016
CLERK

| | |
|---|---|
| LaVAE SCHWALM, | |
| Plaintiff, | CIV16-4074 |
| VS. | **COMPLAINT** |
| TCF NATIONAL BANK, | (Jury Trial Demand) |
| Defendant. | |

COMES NOW LaVae Schwalm, and for her Complaint against Defendant TCF National Bank, states and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1) This is an age discrimination in employment and retaliation action arising under the Age Discrimination in Employment Act of 1967, as amended, codified at 29 U.S.C. § 623(a), *et seq*.

2) This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 29 U.S.C. § 626(c), 42 U.S.C. § 2000e-5(f)(1) and (3), and 28 U.S.C. §§ 1331 and 1343(a)(4).

3) Venue is proper in accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

4) Plaintiff LaVae Schwalm ("Schwalm") is an adult resident of Sioux Falls, South Dakota.

5) Defendant TCF National Bank is a Minnesota bank doing business in South Dakota as "TCF National Bank" located at 4101 W. 38th Street in Sioux Falls, South Dakota.

6) Schwalm was terminated on June 1, 2015, and timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 18, 2015. On March 14, 2016, Schwalm received a Notice of Suit Rights from the EEOC.

## **GENERAL ALLEGATIONS**

7) TCF National Bank ("TCF Bank") employed Schwalm at its Sioux Falls bank between February 12, 2014, and June 1, 2015.

8) TCF Bank is a covered employer as contemplated by 29 U.S.C. § 630(b).

9) Schwalm is 63 years old and is within the ADEA's protected age group.

10) Schwalm was qualified and able to perform the essential duties of her position.

11) In December 2014, Schwalm applied for a promotion within TCF Bank; approximately a month later, Schwalm was informed that two younger, less qualified applicants were hired for the position she had applied for.

12) Schwalm was subsequently selected for another position in the TCF Bank's IRA Department where she was supervised by Christopher Hybertson.

13) Hybertson repeatedly made offensive and stereotyped comments to Schwalm about older people and about her age, including suggesting that Schwalm was senile, losing her hearing, losing her vision, losing her mental capacity and moved slowly because of her age.

14) Hybertson encouraged or permitted younger employees to sabotage Schwalm's work and otherwise treat Schwalm as if she were an elderly person who was unable to grasp basic technological concepts despite Schwalm's actual capabilities.

15) Hybertson routinely provided younger employees with better training and mentorship opportunities than he provided to Schwalm.

16) Pursuant to company policy, on February 16, 2015, March 13, 2015, and March 14, 2015, Schwalm reported Hybertson's offensive, ageist remarks and discriminating treatment of her to Hybertson's supervisors and to TCF's Human Resources department.

17) Schwalm was informed that Hybertson had received some level of discipline because of

his discriminatory behavior.

18) Following Schwalm's protected activity, Hybertson became critical of Schwalm's performance in an attempt to paper Schwalm's file or constructively discharge her from employment.

19) In May 2015, Schwalm required medical leave because of the stress of working in the hostile work environment created by Hybertson. Schwalm again reported to Hybertson's supervisors and to TCF's Human Resources office that she was in a hostile work environment and required medical leave because of the stress of Hybertson's ongoing discriminatory treatment.

20) While Schwalm was on medical leave, on June 1, 2015, Hybertson informed Schwalm that she was terminated.

21) Schwalm suffered an adverse employment action when she was terminated by TCF Bank.

### COUNT I: VIOLATION OF THE ADEA
### (Age Discrimination in Employment Act)

22) Because of her age, Schwalm was subjected to stereotyped comments and different terms and conditions of employment than younger workers at TCF Bank.

23) Because of her age, Schwalm's supervisor subjected her to different mentoring, leave and scrutiny standards than other TCF Bank workers who were not in the protected age range.

24) Because of her age, Schwalm was subjected to a hostile work environment.

25) Schwalm was terminated as a result of her supervisor's age-related animus.

26) To the best of her knowledge, Schwalm was replaced by a younger worker.

27) TCF Bank's proffered reason for terminating Schwalm was pretextual.

3

28) Younger workers were treated differently and better than Schwalm in terms of the company's mentorship, supervision and leave policies.

29) As a direct and proximate result of TCF Bank's discriminatory actions, Schwalm has sustained physical sickness, medical bills, lost income, lost employment-related benefits, a diminishment in future earning capacity, embarrassment, humiliation and mental anguish.

30) But for her employer's discriminatory treatment, Schwalm intended to continue employment with TCF Bank.

31) The unlawful employment practices complained of in Count One were willful, reckless and malicious.

## COUNT II: VIOLATION OF THE ADEA
### (Retaliation for Protected Activity)

32) On February 16, 2015, March 13, 2015, and March 14, 2015, Schwalm was engaged in protected activity when she opposed discrimination in employment by reporting that her supervisor Chris Hybertson was subjecting her to offensive, stereotyped and discriminatory treatment because of her age.

33) TCF Bank was aware of Hybertson's offensive, stereotyped and discriminatory treatment of Schwalm.

34) At or near the time that Schwalm opposed discriminatory treatment by her supervisor, TCF Bank was aware that at least two other employees at TCF Bank were also subjected to discriminatory treatment and hostile work environments at the Sioux Falls TCF Bank where Schwalm was employed because of their ages.

35) TCF Bank failed to take prompt or remedial action to remedy Schwalm's reports of discriminatory treatment.

36) Hybertson's termination of Schwalm on June 1, 2015, is casually related to her opposition to his discriminatory treatment in February and March, 2015.

37) Younger workers were treated differently and better than Schwalm in terms of the company's mentorship, supervision and leave policies, and Schwalm was subjected to heightened scrutiny in the performance of her work duties after her protected activity.

38) TCF Bank's reason for terminating Schwalm was pretextual and designed to hide its protection of Hybertson's retaliatory motive.

39) As a direct and proximate result of TCF Bank's retaliatory actions, Schwalm has sustained physical sickness, medical bills, lost income, lost employment-related benefits, a diminishment in future earning capacity, embarrassment, humiliation and mental anguish.

40) But for her employer's retaliatory treatment, Schwalm intended to continue employment with TCF Bank.

41) The unlawful employment practices complained of in Count Two were willful, reckless and malicious.

## REQUESTS FOR RELIEF

Plaintiff LaVae Schwalm requests and prays for judgment against Defendant TCF Bank as follows:

1) For an award sufficient to compensate her for all damages and injuries, including her special and general damages as allowed by the ADEA, including front pay in lieu of reinstatement;

2) For her reasonable attorney fees, costs, disbursements and expenses incurred in the pursuit of this matter;

3) For punitive damages a determined by the jury;

4) For a trial by jury; and

5) For such other and further relief as the Court may deem just and appropriate.

Dated this 7th day of June, 2016.

JOHNSON POCHOP & BARTLING

Stephanie Pochop
405 Main Street | PO Box 149
Gregory, SD 57533
(605) 835-8391
stephanie@rosebudlaw.com
*Attorney for Plaintiff LaVae Schwalm*

6